**In re KEYDATA CORPORATION, Debtor.**

**SCIENTIFIC LEASING INC., and New England Merchant's National Bank, Plaintiffs,**

**v.**

**KEYDATA CORPORATION, Defendant.**

**Bankruptcy No. 80–01923–JG.**
**Adv. No. A80–0752.**

United States Bankruptcy Court, D. Massachusetts.

Feb. 9, 1981.

Evan Jones, Goodwin, Proctor & Hoar, Boston, Mass., for plaintiffs.

Charles Morse, Sullivan & Worcester, Boston, Mass., for defendant.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

On November 26, 1980, the plaintiffs filed a complaint for adequate protection and in the alternative, for relief from stay. The plaintiffs allege that the debtor, Keydata Corporation, on June 29, 1979 entered into a lease agreement with Scientific Data for the lease of a computer system, and that the lease payment for October, 1980 had not been made. Plaintiffs further stated that the system and the lease are subject to a security interest held by New England Merchant's National Bank. The above allegations remain uncontroverted by the debtor.

Section 362(e) provides the plaintiff relief from stay after thirty days, unless the court orders such stay to continue in effect. The record is clear that the debtor did not seek a hearing on the question of relief in thirty days and that no such hearing was held. There is, therefore, a serious question as to whether relief was granted as a matter of law. In this case, however, it is not necessary for me to decide that issue as this controversy can be resolved upon another basis:

▮ Namely, Section 363(e) provides that:

"at any time, upon request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold or leased, by the trustee, the court shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

The debtor has stated it has no intention of assuming the lease, curing defaults or making any future payments. The debtor has stated that it cannot or will not make any offer of adequate protection.

Section 363 provides that if a party is not offered adequate protection, he is entitled to relief as a matter of law, and not as a matter of discretion with the court.

The amount of the security deposit, by admission, has been all but totally consumed as a result of the several months of non-payment of rent. The security deposit itself, therefore, cannot be looked upon as adequate protection.

▮ The debtor has attempted to convince the court that it should have time within which to find someone to purchase its lease so it would not be forced to forfeit its lease. The debtor has been, at least since November, 1980, attempting to sell its rights under the lease. At the first hearing on January 22, 1981, on debtor's motion to continue the automatic stay beyond thirty days, the debtor indicated that it needed a further short period of time to put together a potential sale. The court continued the matter until February 4, 1981 to give the debtor that opportunity. The debtor, however, is no closer to materializing such a sale, but continues only to suggest potential for such a sale. Certainly the suggestion of such a sale, enuring only to the benefit of the debtor, can in no way rise to the level of adequate protection for the creditor.

Accordingly, where the debtor has stated that it cannot and will not make any offer of adequate protection, nor is it likely to cure the defaults or make assurances of future payment, the court is left with no alternative but to deny the debtor's motion and grant the plaintiff's request for relief from stay.